McBride, judge,
delivered the opinion of the court.
Benjamin Imboden brought an action of assumpsit in the Washington circuit court against Hanger and having obtained judgment Hanger moved for a new trial, which being refused, he excepted and appealed to this court.
The action is founded on a contract between the parties by which Imboden who had a contract with the general post office department for carrying the mail from Potosí, Mo., to Yan Burén, Arkansas, for four years and a half, sub-let the same to Hanger at fifty dollars per year.
On the trial of the cause in the circuit court, the plaintiff read in evidence to the jury his contract with the post office department, dated 18th October, 1837, and signed alone by the Post-Master General, for carrying the mail on route No. 3008, for the sum of $595 per year, payable quarterly. The contract in evidence was objected to because it was not signed by Imboden ; but the objection was over-ruled.
Evidence was then given to prove the contract between the parties. Some of the witnesses stated that Hanger was to pay for the contract fifty dollars per year, others stated it was fifty-five, whilst others stated it to be fifty or fifty-five dollars for the whole term. It was in evidence that Hanger obtained a draft from the post office department sent to Imboden, and that when the draft was sold Hanger paid Imboden $55 for the first year under the contract. It was further in evidence that the contract was worth $50 or $55 per year.
The defendant then offered in evidence a similar contract subsequently made by him with the post office department, for conveying the mail on the same route No. 30Ü8, for the sum of $499 84; which was objected to and excluded by the court.
It was in evidence that a change had been made in route No. 3008 by curtailing the service.
The defendant then gave in evidence the written contract between himself and one Inge, acting as the agent of Imboden, by which the defendant undertook to carry the mail from Potosi to Van Burén, on route No. 3008, once a week, conformable to the instructions of the post office department for carrying said mails; for which service he was to receive$540, and be responsible for all losses; and then moved *87 the court to exclude all oral evidence of the contract between him and imboden ; but the court refused the motion.
The jury were permitted to take to their room the contract of Imboden with the post office department, as also the contract between the parties; to which the defendant excepted.
The object of introducing the contract between Imboden and the post office department was merely to prove that a contract existed at the time of the sub-letting by Imboden to Hanger, and was competent for that purpose. The contract, although only executed by the Post Master General, was evidence that a contract existed and that Imboden was the contractor and entitled to the benefit of the contract.
The rejection of a similar contract between the defendant and the post office department, subsequently made, was, under the terms of the contract between Imboden and Hanger, properly rejected; because Imboden did not guarantee that the service would not be curtailed, and consequently the compensation reduced, (if that was the cause of the reduction,) nor is he liable because the contract between him and the department was annulled and a new contract made between Hanger and the department.
A new contract could only be made in one of two ways, either upon some condition reserved by the department in the contract which Hanger had purchased, or upon Hanger’s failure to comply with the contract. In either event, if any loss accrued, it was the loss of Hanger.
If the new contract resulted from a change in the service and produced a reduction of $100 in the compensation, still it may be presumed that the new contract was as profitable as the old. Whatever the department might legally do in the premises, Hanger took the risk in making the purchase: if the department has acted in violation of its contract with Imboden, Hanger, as assignee, is entitled to whatever damages may have been sustained by reason thereof.
But Hanger, holding the contract under Imboden, could not rightfully enter into any new contract with the department prejudicial to the rights of Imboden. If he had undertaken with the department to carry the mail on the route for $100 per annum, still he would be liable to Imboden for $55 which he had agreed to pay him.’
We perceive no substantial objection to the court having permitted the jury to take with them to their room the contract between Inge, as agent of Imboden, and Hanger. They were both in evidence, and it is expected that the jury shall carry with them to their room the evidence in the cause, because it is by that they are to be governed in finding *88 their verdict; and whether it consists in the written evidence of the parties or the recollection of the jury, appears to be wholly unimportant.
An objection was also taken to the reading of a deposition on the trial, but the bill of exception contains no deposition. What purports to be the original deposition objected to, has improperly been sent by the clerk to this court; whether it is the original deposition, the whole of it, or only a part, we have no means of knowing. Coming in this questionable manner, we are under no obligation to regard it, and certainly should not think of reversing the judgment for anything appearing on such a paper.
The deposition sent up was certainly very informally taken and certified ; but if the objection was for that reason, the court below might very properly have overruled it. We apprehend that that court has a rule, or ought to have one, requiring objections of this character to be made prior to the calling of the case for trial; otherwise the opposite party might have his deposition, upon which he solely relies for a recovery, excluded, without the opportunity of having the irregularity corrected, or the cause continued and the deposition again taken.
Wherefore, for the foregoing reasons, the judgment of the circuit court ought to be affirmed, and, the other judges concurring, the same is affirmed.