## SHIELDS v. GUFFEY.

1. PRESUMPTIONS IN APPELLATE COURT. In the appellate court, every presumption is in favor of the ruling of the court below.

2. EVIDENCE: AGREEMENT. Where it was agreed by the parties to an action that the deposition of a certain witness should be taken, and "may be used and read in evidence;" *Held*, that the court below did not err in overruling an objection to the competency of the witness.

3. EVIDENCE: INTERROGATORIES. An interrogatory directing the attention of the witness to the property in controversy, in the language of the petition, is not objectionable on the ground that "it is leading, suggestive and assumes what is not proved."

4. DEPOSITION. A judgment will not be reversed because the jury were permitted to take a deposition to the jury room, when it appears that it was done with the knowledge of the appellant, and that he interposed no objections at the time; nor when it does not appear that he was prejudiced thereby.

*Appeal from Poweshiek District Court.*

TUESDAY, OCTOBER 18.

REPLEVIN. The defendant, as sheriff, levied upon the property in dispute, as belonging to Shields, Pollock & Co. The plaintiff, a member of the firm, claims it as his. Verdict and judgment for defendant; and plaintiff appeals. The errors alleged are presented in the opinion of the court.

*Wm. Loughridge*, for the appellant, cited *Graves* v. *Delaplaine*, 14 Johnson 148; Code 1851 section 1783.

*M. E. Cutts*, for the appellee, relied upon *Adams* v. *Foley*, 4 Iowa 44.

WRIGHT, C. J.— Defendant took, and offered to read, the deposition of Pollock, a member of the firm of Shields, Pollock & Co., for the purpose of proving property in them. To this, plaintiff objected; his objection was overruled, and the ruling is assigned for error. Upon what ground plaintiff's objection was overruled, is not disclosed. To mention none

other, a sufficient one is found in the terms of the agreement under which the deposition was taken. It was by the parties agreed, that the deposition of this partner should be taken, and "when so taken, and returned, as aforesaid, shall, and may be used and read in evidence, upon the trial, on the part of the defendant." As every presumption is in favor of the ruling of the court below, and as the ground above stated justified the overruling of plaintiff's objection; we need not examine the other questions raised by appellant, and which he assumes were passed upon, in admitting the deposition.

It is next objected that interrogatory five, and answer, in this deposition, should have been suppressed on plaintiff's motion. The witness is asked to state what he knows about the ownership of a span of mules, &c., (describing the property in dispute,) "levied upon by defendant, as sheriff, by virtue of a certain writ of attachment, or execution, in his hands, against Shields, Pollock & Co." The ground of the motion was, that the interrogatory "is leading, suggestive and assumes what is not proved." The interrogatory is clearly not leading. It may assume what is not proved, or what was not at the time the deposition was taken. But giving plaintiff every advantage arising from this admission, he is properly answered by defendant, that the petition, the answer and the entire record, shows that this controversy arose from the very fact, or state of facts, assumed in this question. The petition charges that this property was levied upon by defendant, as sheriff, under a writ of attachment against Shields, Pollock & Co. The defendant, very appropriately, therefore, used the very language of the petition to direct the attention of the witness to the property in controversy.

A final objection is, that the jury took this deposition with them to their room, and had it there while deliberating on their verdict. Upon retiring for deliberation, the jury may take with them all papers, except depositions, which have been received as evidence in the cause. Code section 1783. The deposition was taken in this case, and the only question

is, whether the circumstances are such, as to preclude plaintiff from urging the objection, or if not, whether he was prejudiced. The question is first raised in the motion to set aside the verdict, and grant a new trial. It is certified in the bill of exceptions that this deposition was attached to the original papers, and had been so attached during the whole term; that it was taken with said papers to the jury room; that the parties knew that it was so attached, and made no objection to its being taken by the jury.

For two reasons we would not be justified in interfering with the action of the court in overruling plaintiff's motion for a new trial. *First*, if plaintiff made no objection to this deposition being taken to the jury room with other papers, he cannot raise it afterwards, unless he should satisfy the court that without negligence on his part, he was ignorant of the fact, that it was so taken. Nothing of this kind appears in this case. On the contrary, it is fairly inferable that he did know it, and waived any objection to the course pursued. But in the *second* place, suppose he did not know it, or knowing it made no objection, and that he was not bound to; then it should appear that he was prejudiced by the proceedings. We can conceive of two reasons for excluding depositions from a jury room. One is, that the witness on the stand tells his story but once, whereas the deposition is read once on the trial, and if in the hands of the jury, the witness would speak again in their room. Another is that frequently parts of a deposition are suppressed, and if taken to their room, the jury might be influenced improperly, by seeing and reading in their retirement, such excluded portion. For anything that appears in this case, however, this diposition was never looked at by a single juror, and it cannot be said therefore, that any mind was influenced to find the verdict by an examination of it in the room. And then the deposition is brief, and no jury would be likely to misapprehend its purport after once hearing it read. We conclude therefore, that the court, having all of the

circumstances before it, in the exercise of a proper discretion, was justified in overruling this motion.

Judgment affirmed.