## TURNER v. KELLEY.

10  573
101  548

1. PRACTICE: WAIVER. When a plaintiff sets out in his petition a cause of action not specified in the original notice, the defendant's remedy is by a motion to strike the same from the record. An answer to the cause of action operates as a waiver of the insufficiency of the notice.
2. EVIDENCE BEFORE A JURY. A judgment will not be reversed because a book of accounts, which was offered in evidence, was taken by the jury when they retired to consider upon their verdict, when it is not

shown that it was taken in opposition to the objections of the appellant, or that he had no opportunity to interpose an objection.

3. VERDICT: NEW TRIAL. A judgment will not be reversed because two jurors agreed to the verdict under a misapprehension of the evidence.

*Appeal from Floyd District Court.*

SATURDAY, OCTOBER 6.

*Starr, Poindexter & Patterson* for plaintiff.

*Reineger, Card & Reineger* for the appellee.

LOWE, C. J.—Action to recover of defendant $794.77, founded in part upon a written contract, and in part upon an open account. Defense, a denial of plaintiff's claim and a counter claim of $2,184.11, founded upon an open or book account. Trial, judgment in favor of plaintiff for $209.21. Motion by defendant for new trial overruled. Exceptions taken and certified, upon which is based the following assignment of supposed errors.

*Firstly*—The plaintiff, against the protest of defendant, was permitted to introduce his book of original entries to prove his account, the ground of the objection being " *that the plaintiff had not claimed on book account in the original notice.*" A satisfactory answer to this objection may be found in the fact that the original notice does show that the plaintiff's claim was founded in part upon an account for work and labor done, and materials furnished; a specification of which in detail is set out in a bill of particulars annexed to plaintiff's petition, and on which the defendant took issue in his answer, instead of moving the court to strike the same from the record, because he had not been notified of a claim of that description.

*Secondly*—The books thus introduced, contained *inter alia* the two following charges, to-wit: October 10th, 1837, three days work, by Bowen, in mill, at $3.00 per day, $9.00 ; April 26th, 1858, to four days work, by Newcomb, on garret stairs, and for Mrs. Kelley, at $2.00 per day; which were

objected to; but the bill of exceptions does not state whether the objection was sustained or overruled. Left in ignorance upon this point we will not undertake to revise the action of the court upon these charges.

*Thirdly*—The court overruled the motion for a new trial, which was urged upon these grounds: 1. The improper introduction of the plaintiff's book of original entries as evidence, under the circumstances above mentioned. 2. That the jury in their retirement to consider their verdict took said book with them without the consent of defendant. But it does not appear that the defendant objected, or that he had not an opportunity to object, or that his rights were prejudiced thereby. This being the case, the reason falls to the ground under the decision which this court heretofore made in the case of *Shields* v. *Guffey*, 9 Iowa 322. The third and last reason for a new trial is equally insufficient. It was, that two of the jurors misapprehended the testimony of a witness, who testified that plaintiff had taken some of the lath furnished by defendant, to the church on which the plaintiff was then engaged. Admitting that two of the jurors did so misunderstand this testimony, there is no evidence that the other ten jurors did also, or that the defendant was not allowed for these lath. In short, there is nothing to show that the defendant suffered the slightest prejudice by the alleged inattention of these two jurors to this part of the evidence.

We have been unable to detect in the record of this case any error which would authorize us to reverse the cause.

Judgment affirmed.