| 12 | 453 |
|----|-----|
| 98 | 240 |

THE STATE OF IOWA v. DELONG *et al.*

1. JURY YEAR: SELECTION OF GRAND JURY. Section 2729 of the Revision of 1860 is rendered inoperative by the provision of ? 2723; and the jury year commences on the 1st day of January, instead of the last day of July.

2. ADMISSIONS IN CRIMINAL LAW. In the trial of an indictment for malicious mischief committed upon property owned by one M, it was held that evidence showing that said M admitted that the property belonged to one of the defendants, when not offered for the purpose of contradicting said M or in connection with evidence showing that defendants had knowlekge of such admission, was immaterial and inadmissible.

3. CASE FOLLOWED. *Shields* v. *Guffey*, 9 Iowa 322, cited and followed.

4. INSTRUCTION : TITLE PAPERS. It is competent for the court to instruct the jury, who holds the legal title to real estate from deeds introduced in evidence, or when the question of title is one of law from the evidence.

*Appeal from Washington District Court.*

SATURDAY, DECEMBER 14.

MALICIOUS MISCHIEF. Defendants were convicted, and appeal. For the material facts, see the opinion.

*J. F. McJunkin* for the appellants.

*C. C. Nourse*, Attorney General, for the State.

WRIGHT, J.—The first question is, whether the grand jury making the presentment had any power to act. The indictment was found in November, 1860. The grand jury was selected in February of that year, from lists returned in October previous, and the court below, in April, 1861, held jurors thus selected could act after the taking effect of the Revision of 1860.

In our opinion, this ruling was correct. The effect of it, we admit, is to regard as inoperative § 1639 of the Code of 1851, reincorporated as § 2729 of the Revision. And this we are satisfied was the legislative intention. The other construction renders meaningless § 1 of the Act of 1858, (ch. 133, p. 257,) reincorporated substantially as applied to this question, as § 2723 of the Revision. Not only so, but

it would leave every court in the State without a grand jury from the 1st of January to the first of August, in each year. Or, if not thus, it would leave the list returned in October, undrawn until after the last day of the succeeding July, when § 2723 provides that the list shall be made for the year commencing on the first day of January annually. Believing, therefore, that it was clearly the intention to have the jury year, so to speak, commence on the first of January, and not the last day of July, we hold that § 1639 is repealed by necessary implication.

II. It was proposed to prove what Martha Delong said as to the ownership of the property destroyed by the defendants. The indictment charges that the property was owned by the said Martha, and the purpose of the offered testimony was to show an admission on her part that it belonged to one of the defendants. In the rejection of this testimony there was no error. It was not offered for the purpose of contradicting Martha, nor was it shown that defendants had any knowledge of such admission. What she may have said under such circumstances was entirely immaterial. The State was in no manner bound by it.

III. The case of *Shields* v. *Guffey*, 9 Iowa 323 is authority for the ruling of the court on the motion for a new trial, so far as it was based upon the action of the petit jury in taking the indictment, with certain papers attached, when they retired to consider their verdict.

IV. Objections are made to the instructions, without referring to them in detail, we state that we find in these no just ground for complaint so for as defendants are concerned.

It was proper for the court to state who held the title to certain real estate from the deeds introduced, or when the question of title was one of law from the testimony. Such

an instruction is not in contravention of § 4813 of the Revision. This is but giving a judicial construction to title papers.

Affirmed.