## WILDS *v.* BOGAN.

57 453
†153 599

PRACTICE.—*Record.*—*Supreme Court.*—Where the evidence is not in the record, on appeal to the Supreme Court, no question is presented as to whether or not the verdict is contrary to law or the evidence, or as to the amount of the damages assessed.

SAME.—*New Trial.*—*Cause.*—Causes assigned as grounds for a new trial, alleging the improper admission or exclusion of evidence, should designate the particular evidence intended.

MARRIAGE CONTRACT.—*Breach of*—*Action for.*—*Instruction to Jury.*—In an action for a breach of a marriage contract, a finding by the jury, that "there was a marriage contract made between the plaintiff and defendant," is a finding, in effect, that mutual promises of marriage were made by the parties, and therefore the defendant can not complain that the court, in its instructions to the jury, merely referred to such contract as a promise by the defendant to marry the plaintiff.

SAME.—*Damages.*—*Measure of.*—The defendant in such action, where seduction under promise of marriage, and the birth of a bastard child, are alleged in aggravation of damages, can not complain of an instruction to the jury, that if the plaintiff had been seduced by the defendant under such promise, and had given birth to a bastard child belonging to him, they might, in assessing the plaintiff's damages, take into consideration the plaintiff's feelings, pain and humiliation in giving birth to such child, but not the care and cost of maintaining and educating it.

NEW TRIAL.—*Misconduct of Jury.*—*Taking Instructions to their Room.*—The fact that, when retiring to consult as to their verdict, a jury, by mistake, took to their room the instructions of the court to the jury, but did not use the same, is not ground for a new trial.

From the Clinton Circuit Court.

*J. Claybaugh* and —. *Campbell,* for appellant.

*L. McClurg, J. N. Sims* and *J. V. Kent,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellant, for the breach of a contract for marriage,

the complaint alleging, by way of aggravation, the seduction of the plaintiff by the defendant, and the birth of a child.

Issue; trial by jury; verdict and judgment for the plaintiff.

The following interrogatories were propounded by the defendant, and answers returned thereto by the jury:

" 1st.   Was there a contract of marriage made between the plaintiff and defendant?

"Answer.   There was a marriage contract made between the plaintiff and defendant.

" 2d.   If there was a marriage contract. when was it made?

"Answer.   In the Fall of 1867."

All the other assignments of error are embraced in that upon the overruling of the motion for a new trial.

The following were the causes stated for a new trial:

" 1st.   That the verdict was contrary to law, and not sustained by the evidence;

" 2d.   That the verdict of the jury was contrary to the evidence;

" 3d.   Error of law arising at time of trial, in this, that the court permitted improper testimony, on behalf of the plaintiff, to go to the jury, which was excepted to at the time;

" 4th.   That the court refused the defendant to introduce proper and legitimate testimony, which was duly excepted to at the time;

" 5th.   That the court erred in instructing the jury, in this, to wit:

" 'If the jury should believe, from a preponderance of all the evidence in the cause, that the defendant did not promise to marry the plaintiff, and did not, under such promise of marriage, seduce the plaintiff, then you must find for the defendant.   Should the jury however find, from a preponderance of the evidence given in the cause, that the defendant did promise to marry the plaintiff, and,

under such promise of marriage, did seduce the plaintiff, as alleged in the plaintiff's complaint, and that the result or offspring of the seduction was the begetting of a bastard child by the defendant from [upon?] the body of the plaintiff, as alleged in the complaint, then and in that case you may, in assessing the plaintiff's damages, take into consideration the begetting and having such bastard child by the plaintiff, as alleged in the complaint, so far as you may consider the plaintiff damaged in feelings, her pain and suffering, her humiliation in mind in having said child by said defendant. But, in such case, you ought not to consider the care, maintenance, education or raising of said child as damages in this cause;'

"6th. Misconduct of the jury, in this, to wit, that the jury took with them to the jury room the instructions, or notes of instructions, of the court, without the consent of the defendant or his counsel;

"7th. That the damages awarded by said jury in their verdict were excessive."

The evidence is not in the record; hence no question arises here on the first, second or seventh causes for a new trial.

The third and fourth are too indefinite to raise any question here. They utterly fail to point out, or in any way designate, the evidence received on the one hand, or that rejected on the other. *Cobble* v. *Tomlinson*, 50 Ind. 550; *The State, ex rel., etc.,* v. *Wilson*, 51 Ind. 96; *Heady* v. *The Vevay, etc., Turnpike Co.,* 52 Ind. 117.

This leaves for our consideration the fifth and sixth causes.

It is objected to the instruction set out in the fifth cause, that it implies that the action may be maintained, if the defendant promised to marry the plaintiff, though the plaintiff did not promise to marry the defendant; though, in other words, the promises were not mutual. See *King* v. *Kersey*, 2 Ind. 402. The main purpose of the charge seems to have been, besides laying down the proposition

that the verdict should accord with the preponderance of the evidence, to lay down the rule of damages in case the jury should find for the plaintiff. And, in respect to the rule of damages laid down, we think the defendant can not complain.

If the jury may have understood from the charge, that they might find for the plaintiff, upon proof that the defendant promised to marry her, without proof that she promised to marry him, still the charge could have done no possible harm, as the jury found, that, in point of fact, the promises were mutual; in other words, that "there was a marriage contract made between the plaintiff and defendant." This finding implies a mutual contract between the parties.

We pass to the sixth cause—misconduct of the jury. The supposed misconduct is stated in the bill of exceptions as follows:

William Burget, one of the jurors, took with him from the judge's desk a paper containing one page of the notes of the instructions given by the court to the jury in the cause; that he took the paper to the jury room with him; that he looked at it, but did not read it; that he laid it down, and that the paper remained in the jury room during the deliberations of the jury, but that no juror read or examined it at any time; that the paper was taken by the juror by mistake, he supposing it to be the written interrogatories in the cause; that it was returned by him with the verdict and interrogatories into court, he being the foreman of the jury; that the paper was taken by the juror into the jury room, without the knowledge or consent of the court, or of either of the parties or their attorneys.

We are unable to see any misconduct whatever on the part of the jury, or any one of them, or any thing in the circumstances that affords the slightest ground for a new trial. A simple mistake in the juror in taking the paper, supposing it to be the interrogatories, can not be imputed

to him as misconduct. Then, the mistake did no one any harm, as the paper was not read by any member of the jury. It could, therefore, have had no influence whatever upon their verdict.

The judgment below is affirmed, with costs.