The State v. Tompkins, *Appellant.*

1. **Forgery**: PROOF OF HANDWRITING BY COMPARISON. Upon a trial for forgery an indorsement shown to be in the hand-writing of the defendant and otherwise competent as evidence in the case may be used by the State's witness as a standard of comparison by which to determine the authorship of the alleged forged instrument.

2. ———: EVIDENCE. To sustain an indictment under section 1379 of

the Revised Statutes for forging a recorder's certificate of record upon a deed of trust, the deed must be produced in evidence in order to show that it is such an instrument as by law may be recorded. So the notes secured by the deed and negotiated on the faith of the deed and the alleged forged certificate are properly introduced for the purpose of showing that the forgery was committed with intent to defraud.

3. ———, OF RECORDER'S CERTIFICATE. A certificate of record falsely purporting to be made by the recorder, is none the less a forgery within the meaning of section 1379, Revised Statutes, because it fails to name the year in which the deed was deposited for record, as required by section 3817.

4. **Practice, Criminal**: JURY. In criminal cases the trial court may in its discretion permit the jury to take with them to their room the instructions and documentary evidence offered at the trial.

5. **Expert Witnesses.** One who does not profess to be an expert in hand-writing, and whose avocation in life has not been such as to qualify him to judge of hand-writings, should not be permitted to testify as an expert.

*Error to Jackson Criminal Court.*—HON. HENRY P. WHITE, Judge.

REVERSED.

*Wash. Adams* and *Geo. H. English* for appellant.

*J. L. Smith*, Attorney-General, for the State.

SHERWOOD, C. J.—The defendant was indicted for forgery in the first degree, for forging a certificate of a recorder on a deed of trust, and on trial had was found guilty, and his punishment assessed at ten years imprisonment in the penitentiary. The section under which the indictment was found provides that, " every person who shall forge or counterfeit    *    *    any certificate or indorsement of the filing or recording of any such will, deed or other instrument, which, by law, may be recorded, or purporting to have been made by an officer authorized to make such certificate or indorsement, with intent to defraud, shall be adjudged guilty of forgery in the first degree." Rev. Stat., 1879, §1379, p. 242.

The testimony shows that defendant. introduced Buchanan, the grantor in the deed of trust, to Winningham, the notary public, who, thereupon drew the notes and deed of trust, took the acknowledgment, and returned deed and notes to defendant, who next appeared before Craddock in a drunken condition, desiring to have the notes negotiated; subsequently, when defendant became sober, Craddock effected a negotiation of the notes and deed of trust with Hale for a stock of goods, and a tract of land in Nemaha county, Kansas; that at the time the negotiation was consummated, the certificate of record was then on the deed of trust, as it was at the trial, complete, with the name of J. L. Pace signed to it; that before defendant transferred the notes and deed of trust to Hale, the latter saw him write his name across the notes. J. L. Pace, the recorder of Bates county, testified that the certificate of registry on the back of the deed of trust, as well as his name to that certificate, were forgeries, and that the deed of trust was not recorded in Bates county. The opinion of Winants, who certainly owing to his position and its duties, was necessarily an expert, was that the name of defendant indorsed on the notes, and the written part of the certificate including the name of Pace, were written by the same hand. Though not so positive as Winants, Anderson, who occupied a similar position, was of like opinion as Winants. After the introduction of the foregoing testimony, the deed of trust and. notes were offered in evidence.

The instruction in the nature of a demurrer to the evidence, was, but for the consideration hereafter mentioned, properly denied, and this is apparent for the following reasons: The forgery of the certificate of registry was established, so also that defendant indorsed his name on the notes, so also, that the same hand which made that indorsement committed the forgery of the certificate of registry.

Defendant, having with his own hand indorsed his

name on the notes, and transferred them and the deed of trust to Hale for value, was estopped to deny the genuineness of his signature. These indorsements on the notes, therefore, constituted a legitimate standard of comparison, and the experts could appropriately use them in the endeavor to reach the result which they announced. This point was so ruled in *State v. Scott*, 45 Mo. 302, and *State v. Clinton*, 67 Mo. 380, and the law is also thus laid down in Greenleaf Ev., vol. 1, § 580.

*1. FORGERY: proof of handwriting by comparison.*

Under the section of the statute on which the indictment was founded, it was necessary to show that the certificate of record charged to have been forged, was upon such a deed or instrument, as "by law may be recorded." Of necessity then, this compelled the introduction of the deed of trust, with the certificate of having been recorded indorsed thereon. And the notes were properly introduced in order to compare them with the certificate of record on the deed of trust, and also in order to show that the forgery was committed "with intent to defraud," and as corroborative of Hale's testimony.

*2. ——: evidence.*

And it was immaterial whether the certificate of record was void, or not. Section 13, page 1140, 2 Wagner's Statutes, indeed, requires that the recorder certify on the deed "the day and the time of the day, month and year when he received it," and the book and page in which the deed is recorded. In the present instance the year when the deed was deposited for record is not stated in the certificate. Notwithstanding this defect, the certificate was still the subject of forgery. It is sufficient to bring the false certificate within the purview of the statute, that such certificate is made "with intent to defraud," and "purports" to have been made by an officer authorized to make such indorsements. So that the case of the *State v. Eades*, 68 Mo. 150, although the indictment in that case is drawn under section 16, 1 Wagner's Statutes, page 470, is applicable in principle to the case here, though the indictment in the case at bar is bottomed

*3. ——, of recorder's certificate.*

upon what was section 1, page 467, 1 Wagner's Statutes, and is now section 1379, Revised Statutes 1879, page 242 as before stated. It must be confessed that forgeries would be greatly facilitated, and forgers greatly encouraged, if one might, with impunity, forge all of a certificate of record, except a single word or figure. The evident policy and meaning of the statute is to discourage any attempts in the direction of forgery.

The instructions given on the part of the State, as well as on the part of the defendant, presented the law very fairly to the jury, and there was no error in permitting the jury to take the instructions with them to the jury room, since this was a matter within the discretion of the court, and it is the constant practice, in many of the circuits of this State, for this to be done, and there has been no ruling of this court that we are aware of to the contrary. Nor do we see that any error was committed in permitting the jury to take with them the documentary evidence in the cause. The law constitutes them "the triers of the facts;" for those facts, so far as testified by witnesses, they will obviously have to depend upon memory. But why should the jurors be deprived, when they retire to make up their verdict, of the very papers and documents upon which their verdict must to a great extent depend? We are unable to discover any substantial reason.· *Hanger v. Imboden*, 12 Mo. 85.

*4. PRACTICE, CRIMINAL: jury.*

Notwithstanding the foregoing conclusion, the judgment should be reversed, because Ramsey, who himself testified that he did not profess to be nor to consider himself an expert, and whose avocation in life did not qualify him in that regard, was permitted against objections of defendant to give his opinion on the subject of the certificate, and to compare the handwriting of that with the signatures of defendant on the notes. The case of *Wagner v. Jacoby*, 26 Mo. 530, is directly in point.

*5. EXPERT WITNESSES.*

There is another point, which, though not made either

here or in the lower court, should not be overlooked when the cause goes back for retrial. No venue was proven. *State v. Meyer*, 64 Mo. 190. Judgment reversed and cause remanded. All concur.