_15 n. w. 787_

STEPHEN C. LANGWORTHY, PLAINTIFF IN ERROR, v. MARY CONNELLY, DEFENDANT IN ERROR.

**Taking Instructions to Jury Room.** Upon the trial in the district court, the plaintiff prayed a certain instruction to the jury, which the court took, and upon the left hand margin wrote the words, "Asked for by defendant, refused," and signed the same officially, which instruction the court then read to the jury, and handed the same to them, and permitted them to take the said instruction to their room and have it with them while deliberating upon their verdict, over the objection of the defendant. _Held,_ Not reversible error, and the verdict for the plaintiff upheld.

ERROR to the district court for Seward county. Tried below before GEORGE W. POST, J.

_D. C. McKillip,_ for plaintiff in error.

_R. St. Clair,_ for defendant in error.

COBB, J.

This case was submitted to this court with neither brief nor oral argument on either side. Usually in such cases we would be disposed to affirm the judgment, confining our-

selves to so much of an opinion as would seem to comply with the requirements of the letter of the statute; but as one of the errors assigned is quite novel in its character we will give it some consideration, although it may lead us upon debatable ground.

The first error is assigned in the following words:

"The court erred in giving to the jury and permitting them to take with them to their room, and have with them while deliberating on their verdict, the following instruction requested by the defendant, to-wit: If the jury find from the evidence in the case that Mrs. Connelly, plaintiff, made a renewal of the $666.65 note by paying some money and giving other notes, and taking up the $666.65 note, such fact would be evidence tending to establish a settlement of all claims of a credit, including the one sued for of the $150. With said instructions marked thereon, refused by the court having written on the left hand margin of said instructions the words, 'Asked for by defendant. Refused. George W. Post, Judge.'"

The plaintiff in error, it will be observed, does not complain of the refusal on the part of the court to give the instruction in charge to the jury; but for, as it were, emphasizing its refusal, by allowing the instruction, with the court's mark of refusal thereon, to be carried by the jury to their room.

The law books furnish some curious reading as to what a jury may be allowed to take with them to their room upon retiring to consider of their verdict. It was at one time held generally that all *sealed instruments* which had been admitted as evidence in the case, as well as all records in the case, and all *matters of record* which had been admitted in evidence in the case, might be carried by the jury to their room, while sworn copies of papers and unsealed instruments admitted in evidence could not be carried to their room by the jury. At a later date, the rule was stated by a high authority in an English court, as follows: "The

jury, after going out of court, shall have no evidence with them but what was shown to the court as evidence, nor that without the direction of the court. The court may permit them to take with them letters patent and deeds under seal, and the exemplification of witnesses in chancery, if dead, but not a writing without seal unless by consent of parties." Buller, N. P., 308.

The practice of allowing documentary evidence to be carried to their room by the jury was severely condemned by Mr. Justice Cowen in *Farmers Bank v. Whitfield*, 24 Wend., 419. He says: " The evidence of the law, as it stands upon authority and practice, seems to be all one way, and that is against loading the jury with papers which they often will not understand, and sometimes perhaps cannot even read. As a general rule, it seems much safer that the contents should be communicated to them only by counsel in presence of the court."

On the other hand, the supreme court of Pennsylvania, in the case of *Alexander v. Jameson*, 5 Binn., 238, say, by Tilghman, C. J.: " It has been our custom to deliver to the jury all written papers except depositions taken under rule of court. These have been withheld, because it has been thought unequal, that while the jury were not permitted to call the witnesses before them who had been examined in court, they should take with them the depositions of other witnesses not examined in court. After the uniform practice which has prevailed in this state, I have witnessed the trial of many causes, particularly of the mercantile kind, in which the jury could not decide without the aid of unsealed papers—causes which required the minute and laborious investigation of a variety of books and papers, in which long calculations were necessary, founded on accounts and entries. To tell the jury that they must form their verdict on the recollections of what had passed at the bar, would be imposing on them a most unreasonable duty. Under such circumstances, they could do no more than make a vague

guess at the truth, and their verdict might be an *abuse*, rather than a satisfactory administration of justice."

While it is believed to be the law, in the absence of statutory directions on the subject, that the instructions given by the court to the jury in writing may be taken by them to their room where they deliberate, yet this doubtless is a matter of discretion with the court.

In the case of *Hurley v. The State*, 29 Ark., 17, which was a capital case, the deposition of one Bevans, a witness, taken down in writing, and subscribed by him before the committing magistrate, and returned to the clerk of the court, and which witness was absent from the state at the time of the trial, was read as evidence on the part of the state, and when the jury were about to retire, the court detached the deposition of Bevans from the other depositions, etc., returned by the committing magistrate, which had not been read in evidence, and they took it with them on retiring, against the objection of the appellant. Also, when the jury were about to retire to consider of their verdict, the court refused to permit them to take from the bar the written instructions given them by the court. The verdict of murder in the first degree was upheld.

In the case of *The State v. Tompkins*, 71 Mo., 613, the court say: " And there was no error in permitting the jury to take the instructions with them to the jury-room, since this was a matter within the discretion of the court, and it is the constant practice of many of the circuits of this state for this to be done, and there has been no ruling of this court that we are aware of to the contrary. Nor do we see that any error was committed in permitting the jury to take with them the documentary evidence in the cause. The law constitutes them the triers of the facts; for those facts, so far as testified by witnesses, they will obviously have to depend upon memory. But why should the jurors be deprived, when they retire to make up their verdict, of the very papers and documents upon which their verdict must

to a great extent depend ?   We are unable to discover any substantial reason."

The code of Iowa provides (§ 1783) that: Upon retiring for deliberation the jury may take with them all papers except depositions which have been received as evidence in the case.

In *Shields v. Guffey*, 9 Iowa, 322, it was assigned for error, that the jury took a deposition with them to their room, and had it there while deliberating on their verdict. The court, in the opinion by C. J. Wright, say :  *  *  * "But in the second place, suppose he (the plaintiff, who was also plaintiff in error) did not know it, or knowing it made no. objection, and that he was not bound to; then it should appear that he was prejudiced by the proceedings." The judgment was affirmed. This case is approved and followed in *State v. Delang*, 12 Iowa, 453.

In the case of *Langworthy v. Myers*, 4 Iowa, 18, it was assigned for error that the instructions (of defendants), twenty in number, were not read to the jury, but handed to them by the court, with the remark that they were given as asked, and allowed to be taken by the jury to their room.   The court say: "Either party is, without doubt, entitled to have the instructions read to the jury before they retire, and such is no doubt the better practice.   But if the defendants, as in the present case, did not insist upon the instructions being read by the court, and suffered them to be handed to the jury, supposing that they would be read by them, it is too late to assign the same for error, or make the failure to read the instructions to the jury ground of motion to set aside the verdict and grant a new trial."

In the state of Indiana it had never been the practice to allow the jury to take anything with them to their room upon retiring to consider of their verdict, not even the written instructions ; yet in the case of *Wilds v. Bogan*, 57 Ind., 453, "one of the jurors took with him from the judge's desk a paper containing one page of the notes of

the instructions given by the judge to the jury in the cause; that he took the paper to the jury room with him; that he looked at it but did not read it; that he laid it down, and that the paper ramained in the jury room during the deliberations of the jury, but that no juror read or examined it at any time; that it was returned by him with the verdict and interrogatories into court, he being the foreman of the jury; that the paper was taken by the juror to the jury room without the knowledge or consent of the court, or of either of the parties or their attorneys." The court in the opinion say: "We are unable to see any misconduct whatever on the part of the jury, or any one of them, or anything in the circumstances that affords the slightest grounds for a new trial."

We quote the following from the opinion of the court in the case of *Goode v. Linecum & Nash,* 1 Howard (Miss.) R., 281: "The third exception which we shall notice is taken to the decision of the court overruling the motion for a new trial. This motion was predicated upon the fact that the jury took with them to the chamber, whither they retired to consult upon their verdict, a paper containing instructions which were asked by plaintiff's counsel, but which were refused by the court. But it does not appear from the record that this paper was read by the jury, and consequently, then, it could have no influence upon their verdict." The judgment was affirmed.

A consideration of these cases and many others to the same effect, but which it is deemed unnecessary to refer to at length, leads us to the conclusion that in the absence of statutory direction it is, in a great measure, left to the sound discretion of the court as to what papers, books, or other matters of evidence, or instructions, the jury will be permitted to carry with them to their room upon retiring to consider of their verdict. And that when by mistake or inadvertence on the part of a juryman or the court, or even through error of judgment on the part of the court, a paper

has been taken to their room by the jury which ought not to have been, then, before a verdict will be set aside and a new trial granted for that cause, it must appear, either from an examination of the objectionable paper itself, or from facts properly presented by the bill of exceptions, that such paper must have been, in the nature of the case, or in point of fact was, considered by the jury in arriving at the conclusion reached by their verdict.

In the case at bar the district judge certifies in the bill of exceptions that "said instruction was read and given to the jury, and by them taken to their room, and had with them while deliberating upon their verdict, with said aforesaid endorsement in pencil thereon, to all of which the defendant at the proper time duly objected and excepted."

The bill of exceptions leaves us in the dark as to whether it was the intention of the district court to give the instruction to the jury, and that he endorsed it as refused through mistake, or that he intended to refuse it, and read and gave it to the jury, and allowed them to take it to their room through mistake. As above stated, the refusal to give the instruction is not complained of, so it is unnecessary to pass any opinion upon it as applicable to the pleadings and testimony in the case. It does not appear from the bill of exceptions that either the instruction itself, or the lead pencil endorsement thereon, was considered, or even read by the jury, or any member thereof; nor do we think there is anything in the paper itself that leads to the conclusion that it must have been considered by the jury. The jury no doubt heard the instruction requested, and if it was the intention of the court to refuse it, they no doubt heard such refusal announced; and from the record this court must regard the instruction as refused; and such refusal might have been assigned for error, had the defendant so chosen.

The plaintiff in error also assigns for error the giving, by the court to the jury, of the instruction prayed by the

plaintiff below, which instruction is in the following words: "If you are satisfied from the testimony, that the plaintiff gave to the defendant a check for $150, as charged in her petition, and that the defendant received the same, and retained it to his own use, and promised to endorse the amount thereof on plaintiff's note, then held by defendant; and if you further find that the defendant did not give the plaintiff credit for the amount of said check, and that plaintiff, in the honest belief that the same had been endorsed as a credit on her said note, paid up the full amount of her said note, then your verdict will be for the plaintiff for the full amount of said check, with interest from the date of the delivery of the same by her to the defendant, at seven per cent per annum, unless you find that defendant, in some way, afterwards paid her back the amount of said check."

This being an action for money paid by plaintiff to defendant through a mistake of fact, in view of the evidence contained in the bill of exceptions, we fail to see wherein this instruction is open to objection.

Seeing no error in the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.