The State v. Thompson.

---

THE STATE v. THOMPSON, *Appellant*.

1. **Practice**: INSTRUCTIONS. It is not error to refuse an instruction embodied in others given.

2. ——: ——. An instruction should not be given when there is no evidence on which to base it.

The State v. Thompson.

3. **Criminal Law :** HOMICIDE : SELF-DEFENCE : OVERT ACT. One has no right to kill another until the person slain has done some overt act indicating some felonious or murderous purpose toward the slayer, and until such act is done the right of self-defence does not begin on the part of the latter.

4. **Practice, Criminal :** INSTRUCTIONS, JURY TAKING TO THEIR ROOM. It is error to refuse to allow the jury in a criminal cause to take the instructions of the court with them upon retiring to consider of their verdict. Overruling *State v. Phelps*, 74 Mo. 128 ; and *State v. Butterfield*, 75 Mo. 297.

*Appeal from Saline Criminal Court.*—HON. JOHN E. RYLAND, Judge.

REVERSED.

Appellant was indicted for murder in the first degree for killing one Thomas Powell, and upon trial was convicted of murder in the second degree. The court gave, among others, the following instruction for the state:

7. If the jury believe from the evidence that Willard Thompson and Powell, on the night of the 23d day of January were at a dance at the house of one William Sigler, and that Thompson invited Powell out of the house to settle a difficulty with him or to advise Powell how he should act or what his conduct should be with reference to said dance, and that after they were out of the house Thompson undertook to advise or command Powell to act or conduct himself with reference to said dance in any particular manner, then Powell had a right to refuse said advice or command and refuse to act or conduct himself according to the wishes of said Thompson. And if the jury further believe from the evidence that said Thompson threatened to compel Powell by force to act and conduct himself as he wished or desired, and was at the time willing and ready and prepared to compel him by force to act and conduct himself as he desired, and threatened to compel him to do so, and that said Powell had a reasonable cause to apprehend a design on

the part of Thompson to kill him or do him some great bodily harm, and that there was reasonable cause to apprehend immediate danger of such design being accomplished, and that for the purpose of defending himself from such apprehended design Powell shot at Thompson, then such shooting was justifiable under the law and did not furnish or give to Thompson the right to kill Powell.

The other facts sufficiently appear in the opinion of the court.

*Boyd & Sebree* for appellant.

Instruction number 7, given at the instance of the state, is clearly erroneous because: 1st, There was no evidence on which to base it. 2nd, It does not declare the law. By it Thompson's right of self-defence is made to depend entirely upon whether Powell had reasonable cause to apprehend danger or not, without reference to whether Thompson intended such danger or not. 3rd, It is inconsistent with and contradictory of the 6th instruction given for the state, and is misleading to the jury. 4th, It is a commentary on the evidence, even if there was evidence to support it, and is, therefore, erroneous. There is no evidence in this case of murder in the second degree and the court ought not to have so declared the law to the jury. The court erred in refusing to allow the jury to take the instructions with them when they retired to consider of their verdict. R. S., § 3655, provides that this shall be done in civil cases. Sec. 1906, R. S., provides that the practice in civil cases shall apply in criminal prosecutions in respect to impaneling jurors, keeping them together, and the manner of rendering their verdict, except in cases otherwise provided by law. The criminal procedure contains no express provision in regard to this question, and the practice in civil cases applies.

*D. H. McIntyre*, Attorney General, for the State.

SHERWOOD, J.—Thompson was indicted for killing Thos. Powell, and on his trial was convicted of murder in the second degree.

I.   The instructions in this case, given on behalf of the state, number eleven and cover some three pages in print, and those given on the part of the defendant number thirteen and cover a like space.   I suppose the day will never arrive in this state when the trial courts will in a few brief and pointed instructions lay down the law which is to guide the jury in criminal prosecutions. Here are twenty-four instructions given and four more asked, when it would seem that three instructions on behalf of the state, and a like number on behalf of the defendant, would have been amply sufficient to cover the entire law of the case.   Of those given for the defendant no more may be said than that, voluminous as they are, they present the theory on which the defendant relied with unexceptional fairness to the jury, and those refused him were properly refused, either as being embodied in those given, or else as being erroneous.   He has no complaint on that score.

The 7th instruction on the part of the state we regard as erroneous.   It does not appear in evidence that defendant invited Powell out of the house to settle a difficulty with him, or indeed what his purpose was; but it does not appear that his motives were other than peaceable.   But there is a more serious objection to the instruction than the one just mentioned. It is this: That it gave Powell the right to shoot at defendant and completely cut off the right of self-defence on the part of the latter, though no overt act was done by him indicating a felonious or murderous purpose.   Mr. Bishop says: "It is not lawful to kill another who even meditates the taking of one's life, till some overt act is done in pursuance of the meditation; in other words, till the danger becomes immediate.   The steps necessary may be taken and no more."   1 Crim. Law, sec. 843.   To the same

effect are sections 869 and 872, relating to threats and to the necessity of some overt step being taken to carry the threat into execution before the right of self-defence begins.

II. There was error committed in refusing to permit the jury to take the instructions with them when retiring to consider of their verdict. Section 3655, R. S., 1879, relating to civil cases, expressly provides that: "Such instructions as shall be given by the court shall be carried by the jury to their room for their guidance to a correct verdict according to the law and the evidence." And section 1906, relating to practice in criminal cases, provides that: "The proceedings prescribed by law in civil cases in respect to the impanelling of jurors, the keeping them together and the manner of rendering their verdict, shall be had upon trials on indictments and prosecutions for criminal offences, except in cases otherwise provided by statute." There is no statutory provision to the contrary. From this it must be concluded that the jury should receive the instructions as well in criminal as in civil causes, that this is what the statute unmistakably means, and its behests should be obeyed. Surely if instructions are necessary to be read in the jury room in the matters of property or reputation, then a fortiori are they in matters of liberty and life.

We reached a different conclusion on this point in the cases of State v. Phelps, 74 Mo. 128, and State v. Butterfield, 75 Mo. 297; but being satisfied now that conclusion was erroneous, we will not longer adhere to it.

The judgment will be reversed and the cause remanded. All concur; Norton, J., in the result. Hough, C. J., absent.

NORTON, J., CONCURRING.—I concur in reversing the judgment in this case on the sole ground that the court refused the request made by defendant that the jury should be furnished with the instructions when they retired to consider of their verdict. The law requires the

court to give instructions in writing, and the purpose in giving them was to enable the jury to apply the law to the facts in evidence. For the court to give instructions and thus light a candle for the guidance of the jury, and then by refusing to let them have the full benefit of it when they retire for deliberation, by blowing it out and leaving them to grope in the dark, cannot be maintained either by reason or authority.