HAGERMAN v. THATCH.

No. 2149.    Opinion Filed October 15, 1912.

(127 Pac. 254.)

TRIAL—Instructions—Repetition. Where, on the whole, the instructions given substantially and fairly state the law, so as to correctly present the case to the jury, it is not error to refuse an instruction requested, even though the requested instruction correctly states the law.

(Syllabus by Robertson, C.)

*Error from District Court, Craig County;*
*T. L. Brown, Judge.*

Action by W. H. Thatch against R. D. Hagerman. Judgment for plaintiff, and defendant brings error. Affirmed.

*Seymour Riddle,* for plaintiff in error.

*W. H. Kornegay,* for defendant in error.

Opinion by ROBERTSON, C. The only error complained of by plaintiff in error was the refusal of the court to give the following instruction:

"In determining whether any statement or representation of the seller was intended as a warranty, the test is whether the seller assumes to assert a fact of which the buyer is ignorant, or merely states an opinion or judgment upon a matter of which the seller has no special knowledge, and of which the buyer may be expected also to have an opinion, and to exercise his judgment. In the former case there is a warranty, and in the latter there is not. The law is that a warranty of soundness does not include or cover patent or obvious defects, and this law rests on the reasonable presumption that the parties could not have intended the warranty to apply to a defect rendering the horse unsound, which was seen and known to both parties at the time of the sale."

No exceptions were taken to the instructions given by the court on the subject; leastwise, if any were taken, they have been waived, for they are not presented to the court by the brief of appellant. Hence it becomes the duty of the court to examine the instructions given, in order to determine whether or not there was error in refusing the one complained of.

This was an action to recover on an alleged breach of warranty. The court instructed the jury on warranty as follows:

"The court further instructs the jury that to constitute a warranty no particular words are necessary; nor need the word 'warrant' be used. Any distinct representation or affirmation of the condition or quality of the thing sold, made by the seller at the time of the negotiation for the sale, which the seller intended, and which the buyer at the time had reasonable grounds to suppose and believe were intended by the seller, to effect the sale, and that the purchaser in fact did believe and relied upon and on the truth thereof, and which were operative in effecting the sale, is a warranty. It is not necessary to show that the seller at the time intended to cheat or deceive the purchaser in the sale; nor is the plaintiff required to show that the seller at the time knew the representations to be false; but he has a right to rely upon the representation or affirmation so made. The mere praise of the property sold, or a bare affirmation of its soundness, at the time when it was exposed for the purpose of inspection, does not, of itself, constitute a warranty; or, if the purchaser had determined to purchase without the representation, and formed his own opinion and relied upon his own judgment, and did not rely upon the representations or affirmations, if any were made, then there is no warranty."

This instruction is a fair statement of the law of warranty applicable to the facts in this case. It will be observed by a comparison of the instruction requested and the one given by the court that they are similar, except that the one given, according to our idea, is more favorable to plaintiff in error than the one refused.

Then, too, objection might well be made to the latter part of the refused instruction, especially under the facts of this case. A warranty of soundness might include and cover patent or obvious defects, and, again, it might not. Whether or not it did would depend upon all the facts and circumstances of the whole case. A party to a trade has the undoubted right to rely upon the statements of a seller as to existent material facts; and if he actually relies upon and is deceived by the statements, the question necessarily then would be: Was he deceived by those statements, and were they made with intent to deceive, or were they intended in good faith to be a warranty? These questions, in effect, were submitted to the jury by the instruction given, and, the jury having decided them adversely to plaintiff in error, leaves this court with nothing to do in the premises; for it is fundamental that the finding of a jury on conflicting evidence will not be disturbed on appeal.

Where, on the whole, the instructions given substantially and fairly state the law, so as to correctly present the case to the jury, it is not error to refuse an instruction requested, even though the requested instruction correctly states the law; and, inasmuch as the question of general warranty, under the facts of this case, was fairly presented to the jury by the instruction given, we can see no error of sufficient magnitude to warrant a reversal. *Ellet-Kendall Shoe Co. v. Ross,* 28 Okla. 697, 115 Pac. 892; *Pioneer Telegraph & Telephone Co. v. Davis, Adm'r,* 28 Okla. 783, 116 Pac. 432.

This being our conclusion, the judgment of the district court of Craig county should be affirmed.

By the Court: It is so ordered.