## LOWENSTEIN v. HOLMES.

No. 2607. Opinion Filed May 20, 1913.

Rehearing Denied October 14, 1913.

(135 Pac. 727.)

1. **BROKERS—Action for Compensation—Variance.** Where, in an action, plaintiff alleges that it "being then and there understood that the said plaintiff should receive as his commission the usual and customary (and reasonable) commission paid the real estate agents of the city of Oklahoma City, Oklahoma, at said time," and the proof shows that the defendant in parol employed the plaintiff as such agent without agreeing as to the

amount or terms of the compensation, it being implied, as a matter of law, that the plaintiff should receive the customary or reasonable price therefor, held to be an immaterial variance.

2.  **CONTRACTS—Action on Contract—Variance.** A variance in the description of a contract which must be construed the same, whether or not the variance existed, not changing its nature, will not be regarded.

3.  **TRIAL.— Instructions — Request — Instructions Already Given** Where the instructions given by the court fairly and reasonably cover the law under the issues as framed, and the refused instructions in so far as they correctly state the law applicable to such issues are covered by the instructions given, held not error.

4.  **BROKERS—Compensation—Default of Lessee Procured.** Where a broker is employed to procure a purchaser or lessee for property, and presents to his principal a lessee, it is for the principal then to decide whether the person presented is acceptable, and if, without fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented, and enters into an enforceable contract with him, the broker is entitled to compensation for his services, although it subsequently turns out that the lessee is not able to comply with his lease contract, defaulting in his payment of rentals thereunder.

5.  **TRIAL—Taking Written Instructions to Jury Room.** In the absence of any controlling statute or absolute rule of practice, it is a matter of discretion to permit the jury to take the written instructions with it on its retirement.

6.  **APPEAL AND ERROR—Review—Questions of Fact.** Where the evidence reasonably tends to support the verdict of the jury, the same will not be disturbed on review in this court.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;*
*E. D. Oldfield, Judge.*

Action by Charles N. Holmes against Isaac Lowenstein. Judgment for plaintiff, and defendant brings error. Affirmed.

*Jas. L. Brown* and *Chas. H. Adkins,* for plaintiff in error.

*Giddings & Giddings,* for defendant in error.

WILLIAMS, J. The defendant in error, as plaintiff, sued the plaintiff in error, as defendant, to recover the sum of $2,700 as a real estate agent's commission. In his petition he alleges in substance that on June 30, 1909, he was engaged in the real estate business in the city of Oklahoma City, and that the defendant, as the owner in fee simple of lot 33 in block 23, listed the

same with plaintiff either for sale or lease; that plaintiff procured a lessee willing and able to enter into an agreement with defendant, bringing together one W. F. Bernell and the said defendant, who then and there entered into an agreement in writing as to the lease and purchase of said lot, said contract being *in haec verba*:

"I hereby agree to lease lot thirty-three in block twenty-three original plat of Oklahoma City to W. F. Bernell for a term of twenty years at a rental of $200 per month for the first ten years and $250 per month for the second ten years. Said W. F. Bernell to have the privilege of purchasing said lot for $40,-000.00 any time within four years from date of 'lease, said W. F. Bernell to pay all taxes and expenses on lot from date of lease. This lease to take effect Sept. 1st, 1909, said W. F. Bernell to deposit $500 to apply on rent of lease, the receipt of which is hereby acknowledged."

It is further alleged that pursuant to said agreement the said Bernell took possession of said lot, the plaintiff being the procuring cause of the rental or leasing of the same under said written agreement, but that the defendant had totally failed to pay plaintiff for his services and commission earned in said matter. Under the allegations and proof the contract of agency was in parol. In the original petition it was alleged that "there was no written contract of agency, but that said defendant merely verbally listed with the plaintiff for sale and rental as aforesaid the said property, it being then and there understood that the said plaintiff should receive as his commission the usual and customary [and reasonable] commission paid the real estate agents in the city of Oklahoma City, Oklahoma, at said time," and that "the usual and customary [and reasonable] rate of commission at the time of the employment of the said plaintiff as aforesaid and now is five per cent, and that therefore is due and owing to plaintiff on account of the default of the defendant as aforesaid, and on account of the attempted repudiation of the contract of employment as aforesaid, and on account of the fact that the said defendant claims that he does not owe the said plaintiff anything whatsoever upon said transaction, the sum of five [two] per cent upon the total amount of said contract, and that therefore plaintiff is entitled to recover of the said

defendant the sum of two [one] thousand seven hundred [and eighty] dollars [$2,700] [$1,080] together with interest from the 30th day of June, 1909, at the rate of seven per cent per annum." The words contained in the brackets were inserted by interlineation by permission of the court during the trial.

Defendant answered (1) by general denial, and further denied (2) "that any commission as a custom or otherwise was ever agreed upon or understood by any custom whatever," or (3) that "there was any custom, reasonable or otherwise."

Counsel for plaintiff in error insist that, the plaintiff below having elected to allege in the conjunctive that it "being then and there understood that the said plaintiff should receive as his commission the usual and customary (and reasonable) commission paid the real estate agents in the city of Oklahoma City, Oklahoma, at said time," he is bound thereby, and, the *probata* not corresponding with the *allegata* in that it was not expressly agreed in the parol contract that the compensation should be the customary and reasonable commission charged by real estate agents in Oklahoma City, this was such a variance as to constitute reversible error. The legal effect of the contract proved according to the finding as found by the jury was substantially as that declared on.

A variance in the description of a contract which must be construed the same, whether or not the variance exists, not changing its nature, will not be regarded. *Harrison v. Weaver,* 2 Porter (Ala.) 543; *Davis & Co. v. Campbell,* 3 Stew. (Ala.) 319; *Ferguson v. Harwood,* 7 Cranch, 408, 3 L. Ed. 386. *King et al. v. Stephenson et al.,* 29 Okla. 29, 116 Pac. 183, does not militate against this holding. There the legal effect of the contract as proved was not the same as that alleged.

The instructions given by the court fairly and reasonably cover the law under the issues as framed. The refused instructions, in so far as they correctly state the law applicable to the case, appear to be reasonably covered by the instructions given. *St. Louis & S. F. R. Co. v. Bilby,* 35 Okla. 589, 130 Pac. 1089;

*Dewey Portland Cement Co. v. Blunt,* 38 Okla. 182, 132 Pac. 659; *Hagerman v. Thatch,* 34 Okla. 772, 127 Pac. 254. See, also, *Hurley v. State,* 29 Ark. 17.

In *Scully v. Williamson,* 26 Okla. 19, 108 Pac. 395, 27 L. R. A. (N. S.) 1089, Ann. Cas. 1912A, 1265, paragraph 2 of the syllabus is as follows:

"Where a broker is employed to procure a purchaser for property, and presents to his principal a purchaser, it is for the principal then to decide whether the person presented is acceptable, and if, without any fraud, concealment, or other improper practice on the part of the broker, the principal accepts the person presented, and enters into an enforceable contract with him, the broker is entitled to compensation for his services, although it subsequently turns out that the purchaser is not able to comply with his contract, and on that account the sale is not consummated by a transfer of the property."

See, to the same effect, *Stewart v. Fowler et al.,* 53 Kan. 537, 36 Pac. 1002.

Error is assigned on the ground that the trial court refused to permit the jury to take with them in their retirement the written instructions. In the absence of any controlling statute or absolute rule of practice, it is a matter of discretion with the trial court to permit the jury to take the written instructions with them on their retirement. 12 Encyc. P. & P. 599; *Hurley v. State, supra; Benton v. State,* 30 Ark. 328; *State v. Tompkins,* 71 Mo. 613; *Scoville v. Salt Lake City,* 11 Utah, 60, 39 Pac. 481; *Smith v. Lownsdale,* 6 Ore. 79; *Grove v. Kansas City,* 75 Mo. 672; *Chattahooche Brick Co. v. Sullivan,* 86 Ga. 50, 12 S. E. 216. In some states statutes exist directing that it be done, and they are usually held to be mandatory. 12 Encyc. P. & P. 600, and authorities cited in foot note 1.

The rule announced in *State v. Tompkins, supra,* is not affected by the subsequent Missouri cases, for it appears that in that case the court overlooked a statute which provided that the instructions "shall be carried to the jury room for their guidance to a correct verdict according to the law and the evidence." *State v. Thompson,* 83 Mo. 257; *State v. Butterfield et al.,* 75 Mo. 297; *State v. Phelps,* 74 Mo. 128.

It seems, however, that such objection comes too late in a motion for a new trial when the instructions were not requested to be given them by the jurors themselves nor by counsel that they might take them to the jury room. *Grove v. Kansas City, supra; Brown et al. v. First National Bank of Temple,* 35 Okla. 726, 130 Pac. 140.

The amendment of pleadings rests largely in the discretion of the trial court, and its action relative thereto will not be disturbed unless a clear abuse thereof is shown. The amendment, however, was properly allowed. *Robison & Co. v. Stiner,* 26 Okla. 272, 109 Pac. 238; *Fort Produce Co. v. Southwestern Grain & Produce Co.,* 26 Okla, 12, 108 Pac. 386; *Limerick v. Lee,* 17 Okla. 165, 87 Pac. 859; *West & Russell v. Rawden et ux.,* 33 Okla. 402, 130 Pac. 1160; 2 Crawford's Digest, pp. 251, 256.

We have examined the various assignments of error urged by counsel for plaintiff in error, but have failed to find that any of them are prejudicial.

The evidence in the record presented a fact solely for the determination of the jury, and reasonably tends to support the same. Under the settled appellate practice of this state, this court will not disturb the verdict.

The judgment of the lower court is affirmed.

All the Justices concur.