————o————

GOTTLIEB EYERMAN, Appellant, *vs.* THE MOUNT SINAI CEMETERY ASSOCIATION OF ST. LOUIS, Respondent.

1. *Contract—Work done not in accordance with—Special contract and quantum meruit—Pleadings as to.*—The established rule deduced from all the cases is, that if a party fails to perform his work according to the stipulations of his agreement he cannot recover on the special contract. But if the services rendered by him or the materials furnished are valuable to the other party and are accepted by him, then he will be liable to pay the actual value of the work performed or the materials furnished, not exceeding the contract price, after deducting any damage which has resulted from a breach of the agreement. But where claimant's petition declares only on the contract he cannot recover judgment on his *quantum meruit.*

2. *Contract—Action on—Petition—Contract when set out in as inducement—When as cause of action.*—A petition stated that defendant was indebted to plaintiff in a sum therein specified for work and labor done, and materials furnished at defendant's special instance and request, and it then set out the items with the prices attached. It contained a further allegation that the work, etc., was done and furnished under the terms and conditions of a contract which was shown to the court; that plaintiff complied with said terms and conditions, furnished the materials specified in the contract of a proper and suitable character, and did the work specified in a good and workmanlike manner, all of which was accepted by defendant. Plaintiff then prayed judgment for the work done and material furnished at the contract price. *Held,* that the contract was not set out merely by way of inducement, but was declared upon as plaintiff's cause of action, and that to entitle him to a judgment he was bound to show a performance of its stipulations.

*Appeal from St. Louis Circuit Court.*

*H. D. Laughlin,* for Appellant.

I. This was not a suit on a special contract. The petition was not founded on the contract at all. (Marsh vs. Richards, 29 Mo., 99.) The special agreement was merely inducement. (Boyd vs. Camp, 31 Mo., 163.)

II. Supposing the materials were not furnished in accordance with the contract, defendant having accepted and used them, is liable for their actual value. (2 Pars. Contr., Part. II., § 5 ; Yeats vs. Ballentine, 56 Mo., 530.)

*A. Binswanger, with T. C. Reynolds,* for Respondent.

The decisions of our Supreme Court conclusively show that if a suit is brought on a special contract, and no *quantum meruit* count stated in the petition, and no variance of the contract or its terms shown to have been agreed upon between plaintiff and defendant, and plaintiff fails to show a strict compliance with the terms of the contract, or a legal excuse for its non-performance, that in such case the plaintiff is not entitled to recover. (Helm vs. Wilson, 4 Mo., 41 ; Lee vs. Ashbrook, 14 Mo., 378 ; Downey vs. Burke, 23 Mo., 228 : Lowe vs. Sinklear, 27 Mo., 309 ; Marsh vs. Richards, 29 Mo., 99 ; Creamer vs. Bates, 49 Mo., 523 ; Yeats vs. Ballentine, 56 Mo., 530 ; Cutter vs. Powell, 2 Smith Lead. Cas., p. 44 : Morford vs. Martin & Ambrose, 6 Mon., 609 ; S. C., 3 J. J. Marsh, 89 ; Taft vs. Inhab. of Montague, 14 Mass., 282 ; Gregory vs. Mack, 3 Hill, [N. Y.] 380.)

WAGNER, Judge, delivered the opinion of the court.

The petition stated that the defendant was indebted to the plaintiff in the sum of two thousand five hundred and ninety dollars and ninety-three cents, for work and labor done and materials furnished, which were then set out at the prices agreed upon in the writings afterwards referred to. It was then alleged that the work and labor were done, and the materials were furnished under the terms and conditions of a certain instrument of writing, executed by the plaintiff and defendant, and which was produced and shown to the court ; that plaintiff kept and performed all the terms and conditions of the instrument of writing to be kept and performed by him ; that he furnished the materials in the writing specified of a proper and suitable character, and did the work therein specified in a good and workmanlike manner, all of

which was done under the supervision of the engineer of the plaintiff, and accepted by him, etc. The answer was a denial of all the allegations in the petition.

At the instance of the plaintiff the court in effect declared the law to be, that although some of the material was not what the contract required, yet the plaintiff should be allowed what it was reasonably worth. And there was a refusal to instruct for the defendant, that unless the plaintiff had performed his part of the contract, in manner, form and quality as specified in the agreement, he could not recover.

There was a judgment at special term for plaintiff, which was reversed at general term, and the cause was appealed to this court

In Yeats vs. Ballentine (56 Mo., 530) all the cases in this court bearing on the question here involved, were cited and commented on. The established rule extracted and deduced from all the cases is, that where a party fails to perform his work according to the stipulations of his agreement, he cannot recover on the special contract; but if the services rendered by him or the materials furnished are valuable to the other party, and are accepted by such party, then he would be liable to pay the actual value of the work performed, or the materials furnished, not exceeding the contract price, after deducting for any damage which had resulted from a breach of the agreement. There may be a recovery upon a *quantum meruit*, although the contract has not been complied with, but in such a case the petition must be grounded on a reasonable value, and it must not be declared on the contract. If the action is brought upon the agreement, a performance of its terms must be shown before a recovery can be sustained. The correctness of the ruling of the court at general term depends upon the character of the petition.

Now the petition says that the work and labor were done, and the materials were furnished under the terms and conditions of a contract, which is shown to the court, and it is averred that the plaintiff kept and performed all the terms and conditions of the contract which were to be kept and per-

formed by him, and judgment is asked for the work done and materials furnished at the contract price. This evidently amounts to a petition on the contract, and it devolved on the plaintiff, as a pre-requisite to a judgment in his favor, to show a performance on his part of its stipulations.

The general term, therefore, did not err in its judgment, and if the plaintiff cannot show a compliance on his part, he should amend his petition, in order that he may proceed on a *quantum meruit*.

The judgment must be affirmed. The other judges concur, except Judge Vories, who is absent.