MARTIN L. WARSON, Plaintiff in Error, v. JAMES E. McELROY, Defendant in Error.

| 33 | 553 |
|---|---|
| 41 | 616 |
| 33 | 553 |
| 54 | 508 |
| 33 | 553 |
| 91 | 471 |

Kansas City Court of Appeals, February 4, 1889.

1. **Practice:** EVIDENCE: HARMLESS QUESTION. Where a question fails to elicit any evidence, even if the information sought by it were objectionable, it is harmless.

2. ———: ACTION ON CONTRACT: INSTRUCTION AS TO QUANTUM MERUIT. In an action on an express contract it is error to give an instruction permitting a recovery on a *quantum meruit*.

3. ———: INSTRUCTION. Where an instruction cannot in reality mislead the jury, objection thereto is not well founded.

4. ———: FAIR TRIAL. Where a cause has been fairly and properly tried, the parties must abide by the finding of the jury

*Error to the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

AFFIRMED.

*Boggess & Moore,* for plaintiff in error.

Plaintiff in error insists that the court erred in admitting testimony tending to show, and the purpose of which was to show, that the defendant was not the owner of the land which he employed plaintiff to sell. Defendant's second instruction was wrong, and cite: *Woods v. Stephenson,* 46 Mo. 555; *Bailey v. Chapman,* 41 Mo. 536; *Bell v. Kaiser,* 50 Mo. 150; *Cavender v. Waddingham,* 5 Mo. App. 457; *Collins v. Fowler,* 8 Mo. App. 588; *Kent v. Miltenberger,* 13 Mo. App. 504.

*Peak, Yeager & Ball,* for defendant in error.

Counsel cited: *Budd v. Zoller,* 52 Mo. 238; *Ream v. Hamilton,* 15 Mo. App. 577; *Rieger v. Bigger,* 29 Mo.

App. 421; *Eyerman v. Cem. Ass'n*, 61 Mo. 489; *Davis v. Brown*, 67 Mo. 313; *Clements v. Yates*, 69 Mo. 623; *Bank v. Westlake*, 21 Mo. App. 565; *Beauchamp v. Higgins*, 20 Mo. App. 514.

ELLISON, J.—Plaintiff is a real-estate agent and brings this action to recover of defendant commission for his services in negotiating a sale of real estate. The petition is on an express contract to pay the customary commission on such sales.

The first assignment of error brought to our attention is an objection to the admission of testimony, and is, I think, without merit. It was testimony referring to whether plaintiff knew of the state of defendant's title when he and defendant made their contract of employment. The question asked and objected to failed to elicit any evidence on that subject, and was therefore harmless. The action of the court on the instructions was unobjectionable under the pleadings and evidence. Plaintiff's first instruction was given, and I think fully covered all of his side of the issues as presented. The second instruction, refused, might well be considered as permitting a recovery in this case on a *quantum meruit*, though the petition is on an express contract; this cannot be done. *Eyerman v. Mt. Sinai Cemetery*, 61 Mo. 489; *Davis v. Brown*, 67 Mo. 313. The objection to the fourth instruction was well taken. It would permit a recovery without regard to other material issues in the cause. The complaint of the action of the court in giving defendant's second instruction is apparently well founded, but in reality it could not have misled the jury. The objection is, that the court directed the jury, among other things, that before they could find for plaintiff, they must believe that plaintiff procured the purchaser for said real estate, who executed the contract read in evidence for the purchase of the same, "upon terms satisfactory to the defendant." It was

practically conceded that the terms of the contract were satisfactory to the defendant, for, as he voluntarily executed it, it could not well have been otherwise.

The cause seems to have been fairly and properly tried and the plaintiff must abide by the finding of the jury on the issues presented to them to determine. The judgment is affirmed.    All concur.