DANIEL HAYES, Respondent, v. T. HOWARD BUNCH, Appellant.

### St. Louis Court of Appeals, January 7, 1902

1. **Practice, Trial** EXPRESS CONTRACT: QUANTUM MERUIT. The rule is that a plaintiff can not declare on an express contract and recover on a *quantum meruit*.

2. ———: ———: ———: PRACTICE, APPELLATE. But it is the rule of practice in appellate courts, that when an appellant has asked that a certain issue be submitted to the jury, he will not afterwards be heard to challenge the verdict on the ground that it was improper to submit such issue to them.

Appeal from St. Louis City Circuit Court.—*Hon. John A. Talty,* Judge

AFFIRMED.

### STATEMENT OF THE CASE.

In substance, the petition alleges that in 1899 plaintiff and defendant entered into a contract whereby it was agreed that plaintiff, as architect and superintendent, should plan, erect and equip for the defendant a grain elevator at Little Rock, Arkansas; that it was agreed the defendant would pay

plaintiff the customary fee for such services and that plaintiff as architect and superintendent did plan and superintend the erection and equipment of said elevator; that the cost of the building was five thousand dollars and of the machinery ten thousand dollars, and that five per cent on the cost of the machinery and two and one-half per cent on the cost of the building was the usual and customary fee of the architect and superintendent. There is a further claim for four hundred dollars as extra services in superintending the construction of a warehouse in connection with the elevator. The answer was a general denial. The evidence is that plaintiff was an employee of the Little Rock Milling and Elevator Company, as general superintendent; that the defendant was a director of this corporation and in the grain business on his own account; that during the time plaintiff was serving the corporation, defendant consulted him in regard to the erection and equipment of a grain elevator defendant had in contemplation. There is no evidence that any express contract was entered into between plaintiff and defendant with reference to the erection of a grain elevator, but plaintiff's evidence tends to prove that plaintiffs had had considerable experience in the construction of grain elevators and was familiar with the machinery necessary for their equipment and that when defendant first spoke to him of his desire to erect a grain elevator he gave him his (plaintiff's) ideas as to how it should be constructed and equipped and that the defendant told him to go ahead and get up a plan for it and that plaintiff said to defendant, "It would cost some money to do this," and that defendant said, "All right go ahead." The plaintiff was not a draughtsman and for this reason procured one, at the expense of defendant, to come to Little Rock from St. Louis, who drew the plans for the elevator under plaintiff's supervision and that he (the draughtsman), changed these plans on his own motion and that the plans, as changed, were approved by the plaintiff, then the specifications were made out;

that plaintiff superintended the erection of the elevator from start to finish and selected the most advantageous offers of material used in its construction and of the machinery for its equipment and that for such services the customary price charged by architects was two and one-half per cent on the cost of the erection of the building for superintending and ten per cent for purchasing and superintending the putting in of the machinery. On the part of the defendant the evidence tended to prove that plaintiff did not superintend the construction of the elevator; that it was superintended by others employed and paid by the defendant, and that plaintiff did not select material for its construction, nor did he purchase the machinery or superintend its arrangement in the elevator; that all he did was to give to defendant the benefit of his experience from time to time when consulted and that he expressed himself as more than willing to do this without pay and that he repeatedly stated that he did not expect to receive any pay and that he had never demanded payment from the defendant until the demand was made by the bringing of this suit.

There was a verdict of five hundred dollars for plaintiff. After an unsuccessful motion for new trial defendant appealed.

*Nathan Frank* and *Richard A. Jones* for appellant.

(1) That a party can not base his action upon an express contract and be allowed to recover in *quantum meruit* is well established. Eyerman v. Cemetery Ass'n, 61 Mo. 489; Bank v. Payne, 31 Mo. App. 512; Warson v. McElroy, 33 Mo. App. 553; Lewis v. Slack, 27 Mo. App. 119; Mohney v. Reed, 40 Mo. App. 99; Lumber Co. v. Snyder, 65 Mo. App. 568. (2) And defendant did not waive any right to insist upon such general demurrer by afterwards asking instructions limiting and qualifying the instructions given at the request of plaintiff. Glover v. K. C. Bolt & Nut Co., 153 Mo. 327; Cochran v. Railway, 113 Mo. 359.

*Geo. L. Corlis* and *C. M. Napton* for respondent.

There is no question that the action was properly brought, and there was evidence to sustain the verdict. Mansen v. Botts, 80 Mo. 651; Moore v. Gauss, 113 Mo. 98; Kennerly v. Somerville, 64 Mo. App. 75; Levitt v. Miller, 64 Mo. App. 147. There is no *quantum meruit* theory brought into the case by the second instruction, as alleged by appellant. The plaintiff declares on an express contract to pay the reasonable value, alleges what said reasonable value is, proves it and gets judgment.

BLAND, P. J.—At the close of plaintiff's evidence and again at the close of all the evidence, defendant asked the court to instruct the jury to find for the defendant. The refusal of these offers, is assigned as errors. The contention is that the action is on an express contract and that no such contract was proven nor any evidence offered tending to prove an express contract and that plaintiff was allowed to recover on *quantum meruit*. , The jury was instructed on the theory of an expressed contract and also on a *quantum meruit*. "An express contract exists where the terms of the agreement are openly uttered or avowed at the time of the making." Anderson's Law Dictionary, p. 248. "Contracts are expressed when the terms are stated by the parties in writing or verbally." 1 Parsons on Contracts, p. 6, n. 1. The petition alleges an expressed agreement between plaintiff and defendant to the effect that plaintiff should perform those services, and the customary price for such services was one thousand dollars; that he, in addition to the contract services, performed certain extra services worth four hundred dollars. The contract declared on is an express contract.

The rule is that a plaintiff can not declare on an express contract and recover on a *quantum meruit*. Eyerman v. Cemetery Association, 61 Mo. 489; Lewis v. Slack, 27

Mo. App. 119; Warson v. McElroy, 33 Mo. App. 553; Traders' Bank v. Payne, 31 Mo. App. 512. But it is a well-settled rule of practice in appellate courts, that when the appellant has asked that a certain issue be submitted to the jury, he will not afterwards be heard to challenge the verdict on the ground that it was improper to submit such issue to them. Berkson v. K. C. Cable Ry. Co., 144 Mo. 211; Dunlap v. Griffith, 146 Mo. 283; Price v. Hallett, 138 Mo. 561.

Appellants did not object to the evidence of plaintiff tending to prove an implied contract, and at the close of all the evidence asked, and was given, the following instruction:

"The jury are instructed that if you find from the evidence that the plaintiff did perform any service or services for the defendant of the character mentioned in his petition, but that at the time the same were rendered he did not intend make charge therefor, then he can not afterwards alter such intention and if you believe from the evidence this to be the fact, then even though you should find that services of some value were rendered to and received from the plaintiff by defendant, still your verdict will be for the defendant.

"The burden of proving that he rendered services to the defendant, that such services were of value, that the same were rendered by him with a view to demanding payment therefor, and under such circumstances as would induce the defendant to believe at the time the same were received that payment was expected and would be demanded, is upon the plaintiff, and unless he has established these facts by preponderance of the evidence, your verdict will be for the defendant.

"The fact, if you find it to be a fact, that plaintiff rendered some or all of the services mentioned in his petition does not of itself authorize a recovery in this case unless the jury further finds that at the time such service or services were rendered there was an intention on the part of the plaintiff to demand payment for the same, and that the defendant believed or had reason to believe at the time he accepted the same that

such was the intention of plaintiff; and in determining these questions, you may take into consideration whether or not plaintiff's demand for payment was promptly made or otherwise; the relations existing between the parties; statements, if any you find from the evidence, made by plaintiff concerning such matter; what, if any, arrangements were made between the parties as to the amount of plaintiff's compensation, and all other circumstances in evidence. And unless the jury do believe from the evidence that the services rendered were so rendered by plaintiff with the expectation of demanding payment therefor, and that they were received by defendant with reason to believe at the time they were so rendered that such intention existed on the part of plaintiff, then your verdict will be for the defendant."

Plaintiff's instructions submitted the case on the same theory, that is, that plaintiff might recover on a *quantum meruit.*

In this condition of the record appellant is estopped by his conduct, to insist that the case was tried on an erroneous theory. State v. Whitmore, 147 Mo. 78; Christian v. Ins. Co., 143 Mo. 460; Frankenthan & Bro. v. Guardian Assurance Co., 76 Mo. App. 15; Marks v. Davis, 72 Mo. App. 557; Drug Co. v. Self, 77 Mo. App. 284; Plummer v. City of Milan, 79 Mo. App. 439.

Discovering no reversible error in the record, the judgment is affirmed. *Barclay* and *Goode, JJ.,* concur.