McDonnell v. Stevinson.

----

## JAMES R. McDONNELL, Appellant, v. S. M. STEVINSON, Respondent.

**Kansas City Court of Appeals, December 7, 1903.**

REAL ESTATE BROKERS: Commissions: Sales: Pleading: Quantum Meruit. Where a real estate broker bottoms his action for commissions on a contract he can not, on failing to prove his contract, recover on *quantum meruit*, though a different rule prevails in justices' courts.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*H. S. Booth* for appellant.

(1)   The court erred in overruling the plaintiff's motion for new trial.   Schmidt v. Railroad, 149 Mo. 282; Bank v. Armstrong, 92 Mo. 265.   (2) ''While appellate courts will not review the action of trial courts in granting or refusing new trials where there is evidence to support it on the ground that the verdict is contrary to the weight of the evidence, such where it does not appeal to the trial case, on the contrary when it appears that the verdict is unsupported by the evidence, or that injustice has been done, it is the duty of the trial courts to interfere and award a new trial.''   And especially so where there is any evidence as in this case to show that the complaining party was entitled to a relief or judgment.   Mellor v. Railway, 105 Mo. 470; McCay v. Underwood, 47 Mo. 187; McDonough v. Nicholson, 46 Mo. 35; Eideniller v. Kump, 61 Mo. 342; Parker v. Cassingham, 130 Mo. 349; Bank v. Wood, 124 Mo. 72.   (3) A real estate broker employed to sell lands by the owner, finds a purchaser for the same, and does everything which he agreed to do, and the trade fails, not on account of any default on his part, or that of the purchaser, but because it is repudiated by the landowner, the broker is entitled to compensation.   Harwood v. Diemer, 41 Mo. App. 49; Tyler v. Parr, 52 Mo. 249; Firch v. Trust Co., 92 Mo. App. 271; Reeves v. Bette, 62 Mo. App. 440; Timbermann v. Craddock, 70 Mo. App. 638; Huggins v. Hearne, 74 Mo. App. 87; Hayden v. Grille, 35 Mo. App. 655; Bayley v. Chapman, 41 Mo. 536; Gelatt v. Ridge, 117 Mo. 553; R. S. 1899, sec. 799; Bartley v. Railway, 148 Mo. 124; Hewitt v. Steel, 118 Mo. 473.

*N. T. Gentry* for respondent.

(1) The trial court could very properly have de-cided the case in conformity with the fourth instruction asked by plaintiff. It in effect declared the law to be that if the defendant sold the farm to Pemberton before August 15th at noon, yet if the defendant never in-formed the plaintiff of that fact before noon of August 15th, but retained the plaintiff in his employ, and that the plaintiff produced Ryman before noon of said day, and that Ryman was ready, willing and able to pur-chase the farm at $5,000, then the plaintiff was entitled to recover. As this is the theory advanced at the trial by the plaintiff, the plaintiff is in no position to com-plain, even if it is an erroneous one; he is bound by the position he then assumed. Krup v. Corley, 95 Mo. App. 640; MacDonald v. Tittman, 96 Mo. App. 536; Sapping-ton v. Railway, 95 Mo. App. 387; Horgan v. Brady, 155 Mo. 659. (2) No error was committed by the court in modifying plaintiff's third instruction. An addition was simply made to it so that it followed the issue ten-dered by the petition, and properly limited plaintiff's right to recover, as he himself had done. Feary v. Rail-way, 162 Mo. 96; Elliott on Appellate Procedure, sec. 494; Thompson on Trials, sec. 2350. (3) As the peti-tion alleged a specific contract, it was incumbent on plaintiff to prove that defendant did agree to pay him $100 for negotiating a sale of the farm. In other words, to entitle plaintiff to recover, this (and indeed every other) material allegation of the petition must be sup-ported by evidence. As there was a total failure of proof on this subject, the court correctly found for the defendant. R. S. 1899, sec. 798; Pruett v. Warren, 71 Mo. App. 84; Sisney v. Arnold, 28 Mo. App. 568; Haynes v. Trenton, 108 Mo. 123; Whipple v. Copper, 55 Mo. App. 557; Priest v. Way, 87 Mo. 24; Link v. Vaughn, 17 Mo. 585; Carson v. Cummings, 69 Mo. 325;

Warson v. McElroy, 33 Mo. App. 553; Mohoney v. Reed, 40 Mo. App. 110; Haynes v. Bunch, 91 Mo. App. 467; Cole v. Armour, 154 Mo. 333.

BROADDUS, J.—This is a suit upon contract to recover $100 as commission for the alleged sale of defendant's farm. The petition alleged that a contract was entered into between plaintiff and defendant whereby defendant agreed to pay plaintiff said sum, provided plaintiff found a purchaser for the land at the price of $5,000.

There was evidence that plaintiff, who resided in Hallsville, Mo., was a real estate broker; that he had negotiations with a man by the name of Ryman, who was willing and able to purchase defendant's land at the price above mentioned; that plaintiff brought said Ryman and defendant together on the twelfth of August, 1902, at which time Ryman wanted to know of defendant if he would give him until Saturday following to close up the deal; that defendant would not give him such time to close the deal but consented to give him until the following Friday, August 15, at noon to do so. In the meantime, however, the land was sold to another person by the name of Pemberton, the sale being made through the agency of a Mr. Smith, a real estate broker who also had the farm for sale.

There was other evidence but it is not pertinent to the issue raised by the record. A jury was waived and the cause was tried by the court. The finding and judgment was for defendant, from which plaintiff appealed.

The plaintiff asked several instructions based upon the theory that if plaintiff produced a purchaser for the land at the agreed price who was able and willing to buy, then he was entitled to recover. These the court modified by the following language: "Provided, plaintiff has shown that defendant agreed to pay plaintiff one hundred dollars for making such sale, as averred in his petition."

Defendant asked no instructions. It is apparent that the court found against plaintiff on the ground that he had sued on a contract, and had failed to prove it.

The plaintiff earnestly contends that as the evidence shows that he did produce a purchaser able and willing to take the farm at the agreed price he was greatly injured by the judgment of the court. We are impressed with the fact that there is much equity on plaintiff's part. But it was a case at law and as such we must view it. When the petition counts on contract, there can be no recovery of *quantum meruit*. Lumber Co. v. Snyder, 65 Mo. App. 568; Eyerman v. Cemetery Assn. 61 Mo. 489. The rule is different where the suit originated before a justice of the peace. See Walker v. Guthrie, 102 Mo. App. 420.

The plaintiff having failed to prove his contract, he was not entitled to recover on *quantum meruit*.

The cause is affirmed. All concur.