E. P. WADE, Appellant, v. O. A. NELSON, Respondent.

Kansas City Court of Appeals, July 2, 1906.

1. **PLEADING: Contract: Quantum Meruit: Evidence.** Where a petition for services is based upon an express contract there can be no recovery on a *quantum meruit* and evidence of that nature will not support the petition.

2. **APPELLATE PRACTICE: Remanding Cause: Amendment.** Though the evidence show the cause of action in *quantum meruit* while the petition is based upon express contract, the appellate court cannot remand the cause to allow an amendment.

Appeal from Camden Circuit Court.—*Hon. Argus Cox,* Judge.

**AFFIRMED.**

Wade v. Nelson.

*N. B. Yadon, S. C. Roach* and *W. T. S. Agee* for appellant.

(1) The court refused all the instructions asked by the plaintiff, and undertook to give to the jury instructions of its own motion as to the law of the case, and rejected the theory of plaintiff, that defendant would still be liable for commission if defendant voluntarily changed the terms of sale after the purchaser was secured. Wetzell v. Waggoner, 41 Mo. App. 509; Perrin v. Kimberlin, 110 Mo. App. 661; Curry v. Whitmore, 110 Mo. App. 204; Brown v. Smith, 113 Mo. App. 59; Sallee v. McMurry, 113 Mo. App. 253; (2) These instructions also ignore the possibility of the defendant still being liable in the event that defendant changed the terms of sale after the purchaser was secured and introduced to the defendant. It is not alleged by plaintiff that he was to make the sale, but merely to "procure a purchaser." Crether v. McCormick, 79 Mo. App. 325; Childs v. Crithfield, 66 Mo. App. 422; Wood v. Stephens, 46 Mo. 555.

*Moore & Williams* for respondent.

(1) When a petition counts on a contract there can be no recovery on a *quantum meruit.* McDonnell v. Stevenson, 104 Mo. App. 193; Eyerman v. Cemetery Assn., 61 Mo. 489; Lumber Co. v. Snyder, 65 Mo. App. 503; Squire v. Brewing Co., 90 Mo. App. 462; Cox v. Bowling, 54 Mo. App. 289. (2) The case was fairly submitted to the jury by the instructions given, and the verdict being supported by substantial evidence, will not be disturbed. Ringo v. Fulton, 78 Mo. App. 210. (3) It is a new proposition in an appellate court that a reversal should be had so that plaintiff may draft a new petition, setting forth a different cause of action. Huston v. Tyler, 140 Mo. 252. (4) The instructions given were proper under the pleadings and fairly submitted

the issues, and the finding of the jury should not be disturbed. Vandike v. Walker, 49 Mo. App. 381; McDonnell v. Stevinson, 104 Mo. App. 193; Crowley v. Somerville, 70 Mo. App. 376; Hogan v. Slade, 98 Mo. App. 44.

ELLISON, J.—Plaintiff instituted this action to recover commission as a real estate agent on account of the sale of defendant's farm in Camden county. The judgment in the trial court was for the defendant. The petition is based on an express contract whereby defendant employed plaintiff to procure him a purchaser for his farm and that he agreed to pay plaintiff for his services all over the sum of $7,250, for which he might sell the farm. The petition then charges that he, plaintiff, carried out that contract on his part by finding a purchaser who purchased the land of defendant for $7,750, whereby plaintiff, under the contract, became entitled to be paid by defendant the sum of $500, which sum defendant refused to pay.

When it came to the trial the evidence did not support the petition. A recovery could only be had on a *quantum meruit*. It is well established in this State that in an action on an express contract, alleged to have been performed by the plaintiff, there cannot be a recovery on a *quantum meruit*. [Huston v. Tyler, 140 Mo. 252; McDonnell v. Stevinson, 104 Mo. App. 193; Eyerman v. Mt. Sinai Cem., 61 Mo. 489; Lumber Co. v. Snyder, 65 Mo. App. 503; Squire v. Brewing Co., 90 Mo. App. 462; Cox v. Bowling, 54 Mo. App. 289.]

Plaintiff recognizes this rule of law and claiming that he is, in point of fact, entitled to compensation of which the defendant is depriving him, he asks that the cause be remanded to the end that he may file an amended petition. But we feel we could not do this without sanctioning an innovation of practice which would prove to be harmful as a precedent.

This renders it unnecessary to consider objections to the action of the court on instruction and to its ruling

on evidence. The court on the basis of the case, as made by the petition, was justified in refusing instructions offered by plaintiff and in making omissions of his theory, in the instructions given for defendant, and of its own motion.

We must, therefore, affirm the judgment. All concur.