## KING *et al.* v. STEPHENSON *et al.*

No. 865.    Opinion Filed May 9, 1911.

( 116 Pac. 183.)

**BROKERS**—Action on Special Contract—Recovery on Quantum Meruit.
Where plaintiff, a real estate agent, brings an action for commission alleged to have been earned on the sale of land and relies upon a special contract, he cannot recover upon quantum meruit, and it is error to admit evidence establishing the same and to instruct the jury that it may return a verdict in a sum customary for services shown to have been rendered.

(Syllabus by the Court.)

*Error from Kingfisher County Court; John M. Graham, Judge.*

Action by H. F. Stephenson and J. P. Bellinghausen against Franklin King and George M. King. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

*D. K. Cunningham.* for plaintiffs in error.

*M. W. Hinch.* for defendants in error.

DUNN, J.  This case presents error from the county court of Kingfisher county.  Plaintiffs in their petition set out that they are in business of selling real estate for a commission, and that the defendants employed them to find a purchaser for certain property, and orally agreed to give them for their services the sum of 5 per cent. of the sale made, which was in the sum of $9,000, and prayed for judgment under the said averments for $450.  After the issues were made up, the cause was tried to a jury, which returned its verdict in favor of plaintiffs in the sum of $165.  Plaintiffs over objection and exception of defendants were permitted to offer evidence of the usual and customary price for the services rendered, and in its instructions the court in effect told the jury that, in the event that plaintiffs should fail to establish the contract as pleaded, if it found that services were performed by plaintiffs, there was an implied contract to pay, and that the jury might allow a sum customary for such services.  To reverse the judgment which was rendered, the case has been duly and regularly lodged in this court.

Counsel for plaintiffs in error contend that in the foregoing proceedings the court committed error which was prejudicial to their rights, and in this in our judgment they are correct.  Action in this case was not brought to recover on *quantum meruit* for services rendered, but was on a contract which was an entire thing and indivisible.  *Wheeler v. Reed et al.,* 36 Ill. 81 ; *Hammers et al. v. Merrick et al.,* 42 Kan. 32, 21 Pac. 783.  And, where plaintiff declares upon an express contract, he must, except in those cases where on the introduction of evidence by consent a departure is permitted, succeed or fail upon the issue which he

thus tenders. Walker's Law of Real Estate Agency, § 57, p. 402; 9 Cyc. pp. 748, 749; 19 Cyc. p. 275; *Emery v. Atlanta Real Estate Exch.*, 88 Ga. 321, 14 S. E. 556; *Miller v. Insurance Co.*, 1 Abb. N. C. (N. Y.) 470; *Oliver v. Morawetz*, 95 Wis. 1, 69 N. W. 977; *Dorrington et al. v. Powell*, 52 Neb. 440, 72 N. W. 587; *McDonnell v. Stevinson*, 104 Mo. App. 191, 77 S. W. 766; *Veatch v. Norman*, 109 Mo. App. 387, 84 S. W. 350; *McDonald v. Ortman*, 98 Mich. 40, 56 N. W. 1055; *Thuner v. Kanter*, 102 Mich. 59, 60 N. W. 299; *Smith v. Stewart et al. (ante)*, 116 Pac. 182, an opinion delivered at this term of court. There was no evidence on which the jury could find in the sum they did, and we cannot conclude otherwise than that it was misled by the procedure adopted in the evidence and instructions.

The cause is accordingly reversed and remanded to the county court of Kingfisher county, with instructions to set aside the order denying a new trial and grant the same.

All the Justices concur.