FRED WATSON, et al., Respondents, v. JOHN L. ESTHER, Appellant.

Springfield Court of Appeals, December 16, 1920.

**JUDGMENT:** Judgment for Broker on Quantum Meruit not Sustainable, where Suit on Specific Contract. Where a copartnership brought suit to recover commissions on a real estate transaction and alleged that defendant employed them to sell certain land, that it was agreed that plaintiff should receive a commission of 5 per cent., that the land was listed for sale at a set price, that they found a purchaser ready, willing, and able to purchase, but that defendant failed to pay the commission, having himself sold the land to plaintiff's customer at an increase, *held* that a judgment for plaintiff on *quantum meruit* could not be sustained, the suit being on a specific contract.

Appeal from Laclede Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Don O. Vernon* and *D. D. McDonald* for appellant.

(1)   Where a real estate broker bottoms his action for commissions on a contract he cannot, on failing to prove his contract, recover on *quantum meruit*. Detherage Lumber Co. v. Snyder, 65 Mo. App. 568; McDonald v. Stevinson, 104 Mo. App. 191; Wade v. Nelson, 119 Mo. 278. (2) Where a plaintiff pleads a cause of action on an express contract, he cannot recover on *quantum meruit*. Davis v. Drew, 129 S. W. 255; Michael v. Kennedy, 148 S. W. 983. (3) A plaintiff cannot sue on one cause of action and recover on another, and, if an express contract is pleaded, recovery cannot be had on an implied one. Quigley v. King, 168 S. W. 285; El Paso Milling Co. v. Davis, 183 S. W. 361.

*A. W. Curry* and *S. C. Roach* for respondent.

(1)   Appellant sets out the petition and answer and then leaves the purported Bill of Exceptions to prove itself. This is insufficient. Dockery v. Lowenstein, 121 Mo. App. 394, 99 S. W. 40; Mason v. Smith, 124 Mo. App. 596, 101 S. W. 1149. (2) Where the appellant has failed to sustain the burden upon him of showing wherein the evidence is insufficient to support the judgment, it will be presumed that the evidence does in fact support the judgment. Dowd v. Hercules Powder Co., 181 Pac. 767; Young v. Bacon, 183 S. W. 1079.

BRADLEY, J.—Plaintiffs, a co-partnership, sued to recover $500 commission alleged to be due them from defendant by reason of plaintiffs having found a purchaser for defendant's farm. On trial below before the court and a jury plaintiff's obtained a judgment for $200, and defendant appealed.

Plaintiffs in their petition allege that in December, 1919, defendant employed them to sell certain land; that it was agreed that plaintiffs should receive a commission of five per cent, and that said land, was listed

with them for 'sale at the price of $10000. Plaintiffs further allege that they found a purchaser for said land able, ready and willing to purchase at the price and sum of $10,000, that defendant, after plaintiffs found said purchaser, failed to perform his part of the agreement and pay plaintiffs their commission. The answer was a general denial.

Plaintiffs' evidence tended to show that defendant listed his farm with plaintiffs for sale at the price of $10·000, and that defendant was to pay plaintiffs a commission of 5 per cent if they found a purchaser. Plaintiffs got in touch with one Johnson and showed the farm to him. Johnson afterwards bought the farm at the price of $10,250. Defendant admitted that he had listed the farm with plaintiffs and had agreed to pay them a commission of $500 if they sold the farm for $10,000, but that he had withdrawn the farm from plaintiffs, and had listed it with another agency, and had paid this agency $200 commission for making the sale.

Defendant makes but one assignment. He contends that the judgment cannot stand, because the suit was on a specific contract, and the recovery on *quantum meruit*. We think that defendant's assignment is well taken. Plaintiffs' cause is certainly on a special contract. The petition so disclosed and plaintiffs make no effort to justify the verdict, except to challenge the sufficiency of the record to raise the point. The record is sufficient for the purpose. The petition, evidence and instructions all show that plaintiffs were proceeding upon a special contract. Plaintiff cannot proceed under the facts here on a special contract and recover on *quantum meruit*. [Lumber Co. v. Snyder, 65 Mo. App. 568; McDonnell v. Stevinson, 104 Mo. App. 191, 77 S. W. 766; Wade v. Nelson, 119 Mo. App. 278, 95 S. W. 956.]

Judgment is reversed and cause remanded. *Sturgis, P. J.,* and *Farrington, J.,* concur.